UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SEPHORA K. DAVIS,

        Petitioner

v.

JOHN YORK and EDWARD ERHARDT

        Respondent.

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. 2241(c)(3)**

**Docket No. 05-CV-6736(L)(P)**

---

Now comes the Petitioner, SEPHORA K. DAVIS, who, by and through undersigned counsel respectfully alleges to the Court as follows:

### PARTIES, CUSTODY AND JURISDICTION

1. The Petitioner is in custody, held on house arrest and $35,000 bail pursuant to an indictment designated 2004-276, filed in the Livingston County Court in the Village of Geneseo, Livingston County, New York.  This Petition is filed at this Court's direction to supplement, amend, clarify and augment the previously filed Petition, transferred to this Court pursuant to 28 U.S.C. 2241 after initial application to Hon. Richard C. Wesley, Judge of the Court of Appeals for the Second Circuit, who maintains a local chambers in the Village of Geneseo, where Petitioner's state court proceedings are pending.  All relevant portions of the previously filed Petition are incorporated herein by reference.

2. The Respondent, John York, is the Sheriff of Livingston County, New York and the holder of Petitioner's bail.  Respondent Edward Erhardt is the Director of the Livingston County Probation Department, which has administrative responsibilities with respect to Petitioner's current status on house arrest.

3. The Court has jurisdiction to hear and determine this matter under 28 U.S.C.

2241(c)(3).

## EXHAUSTION OF STATE REMEDIES

3. Pursuant to New York law and under the United States Constitution, Petitioner moved in Livingston County Court (Cicoria, J.) for dismissal of the indictment on numerous grounds, as more fully appears in the state court record. Judge Cicoria denied the motions in a written opinion and order dated September 20, 2005.

4. No appeal is permitted in New York from such a denial. See, New York Criminal Procedure Law Article 450.

5. It is respectfully submitted that as to the constitutional right being asserted, i.e., the right to be free from a wrongful criminal prosecution, Petitioner's state court remedies are exhausted.

6. In addition, the State of New York may specifically waive the "exhaustion requirement" in accordance with 28 U.S.C. 2254(b)(3). Petitioner has formally requested that the New York State Attorney General do so, **and notify this Court of his decision on or before close of business January 17th, 2006.**

## SPECIFIC CLAIMS FOR RELIEF

7. The grounds and supporting facts for each claim that the Petitioner is being held unlawfully, in violation of the United States Constitution, are as follows:

a) Ground One: Petitioner has been unreasonably seized, a continuing violation of the fourth amendment to the United States Constitution.
Supporting Facts: Petitioner was initially arrested and charged based upon a written statement provided by an individual named Eric Harder, who had raped Petitioner at knife point and threatened to kill her and her younger sister. The statement implicated the Petitioner in Mr. Harder's own crimes, which he was more or less in the course of committing when he brutally raped the Petitioner. Mr. Harder's statement was elicited and witnessed by a Mount Morris police officer named Dana Carson, who had himself sexually harassed the Petitioner. Then, in obtaining the indictment, the Livingston County District Attorney knowingly relied upon

perjured testimony before the Grand Jury and acted to suppress evidence favorable to the Petitioner, including the evidence that she had been raped and falsely accused by her rapist, who - incredibly - received the support of the police and the District Attorney's office.

    b) Ground Two: Petitioner has been deprived of due process under the fifth and fourteenth amendments to the United States Constitution.
    Supporting Facts: same as for Ground One, above.

    c) Ground Three: Petitioner has been deprived of her right to a speedy trial in violation of the sixth amendment to the United State Constitution.
    Supporting Facts: In the state court proceedings, Petitioner's competency to stand trial became an issue. She was examined by two state appointed psychiatrists, who differed in their opinions as to whether she was competent to stand trial. The law provides that under such circumstances, the court is to order a hearing on the issue; instead, the court ordered the Petitioner to be further examined by a neurologist in order to "resolve" the difference of opinion, and then attempted to commandeer Petitioner's family's health providers to conduct a neurological examination. This process pointlessly consumed more than six months, at a time when Petitioner's case had already been pending almost a year and a half, and while the Petitioner remained, as she remains now, unlawfully in custody.

    d) Ground Four: Petitioner has been deprived of due process under the fifth and fourteenth amendments to the United States Constitution.
    Supporting Facts: Judge Cicoria's fairness and impartiality were formally called into question by a motion to recuse, made in writing by Petitioner in January, 2005 and renewed shortly thereafter. Judge Cicoria never ruled on that motion, but proceeded to rule against the Petitioner on her dispositive motions. Under the most basic notions of due process, Petitioner was entitled to a fair and impartial determination of those motions, and by definition there is no assurance that she received one.

    e) Ground Five: Petitioner has been deprived of due process under the fifth and fourteenth amendments to the United States Constitution.
    Supporting Facts: New York's procedural safeguards (e.g., New York Criminal Procedure Law 210.40) against a wrongful and unconstitutional criminal prosecution are constitutionally infirm, as more fully outlined in the original Petition dated November 3rd, 2005.

    8. Other than the original application, which was made to Judge Wesley and subsequently transferred to this Court, and which is now *sub judice*, no previous applications have been made by or on behalf of the Petitioner for the relief requested herein.

    WHEREFORE, the Petitioner prays that the Court grant the relief requested in the original Petition dated November 3rd, 2005.

Dated: January 11, 2006

                                                        /s/ John M. Regan, Jr.
                                                        JOHN M. REGAN, JR.

Attorney for the Petitioner
SEPHORA K. DAVIS
Office and post office Address
29 Hoyt Place
Rochester, NY   14610
(585) 546-8880

TO:

Hon. Eliot Spitzer, Esq.
New York State Attorney General
c/o 144 Exchange Blvd.
Rochester, NY   14614

Hon. Thomas E. Moran, Esq.
Livingston County District Attorney
Livingston County Courthouse
Geneseo, NY   14454

Hon. John York
Livingston County Sheriff
Government Center
Geneseo, NY   14454